### THE CARRIER DOVE.

(District Court, D. Washington, N. D. November 27, 1899.)

1. SEAMEN—WAGES—COMPUTATION OF TIME.

Seamen whose terms of service end at the same hour of the day at which they commenced work are not entitled to payment of wages both for the day on which they commenced and that on which they completed their service.

2. SEAMEN—WORK ON SUNDAYS.

Seamen who are required to work on Sunday in discharging the vessel because the port is open and without facilities, and the work can only be done in calm weather, are entitled to extra pay; such work not being required because of peril to the ship, but to save possible expense incident to delays.

This was a suit in admiralty by seamen against the schooner Carrier Dove to recover a balance claimed to be due them as wages.

M. M. Madigan, for libelants.

W. H. Gorham and John K. Brown, for claimant.

HANFORD, District Judge. The libelants, having made a voyage from Puget Sound to St. Michael, were, on the return of the vessel, discharged and paid off by a shipping commissioner; but they have nevertheless brought this suit to recover a balance which they claim to be due them as wages. It appears from the evidence that they all went on board and entered the service of the ship at about 8 o'clock in the morning, and their services ended at about the same hour of the day; and the commissioner, in computing the amount due them, allowed only one day to cover the two fractional days on which their services commenced and ended. The libelants claim a full day's wages for the day on which they were discharged, on the ground that each day commences at midnight, and that their time in the vessel, whether at work or not, from midnight until 8 a. m., should be compensated, and nothing subtracted for the time between midnight and 8 a. m. the first day. If it is true that a working day commences at midnight, then the libelants did not render a full day's time on the first day of their services, and they have no right to complain if the amount subtracted from that day's wages is equal to full pay for the services rendered on the day of their discharge.

The libelants also claim compensation for work performed at St. Michael in discharging cargo on Sunday. The shipping articles which they signed contain a clause providing that the "crew is to work whenever and wherever, at any time of the day or night, Sundays or holidays, as directed by the master." This contract, however, adds nothing to the legal obligation of the crew to work whenever and wherever, at any time of the day or night, Sundays or holi-

days, the master may require them to work. It is the duty of seamen to obey the master so long as their contract remains to be performed, and the master is the sole judge as to the necessity for requiring them to work at night or on Sundays or holidays. But, on the other hand, it is the duty of the master to treat his men fairly; and he should not require them to work overtime when the ship is in port, and there is no stress of weather, or dangers menacing the vessel, requiring extra exertions. A defensive plea is made to the effect that the harbor at St. Michael is but little better than an open roadstead. There being no wharf or dock upon which freight can be discharged, cargoes have to be landed by the use of lighters, and in rough weather it is impracticable to work. This creates an urgency to work when the weather is fine, and when lighters can be obtained, and, the claimant insists, justifies work on Sundays. There is, however, an important difference between necessity occasioned by perils menacing the ship, and mere urgency to hasten her departure from a port in order to avoid losses incident to detention. Mariners are required to make all exertions which may be necessary at any time to save the ship from threatened destruction or injury, without compensation in addition to their stipulated wages; but if required to work on Sundays or legal holidays, in handling cargo when the vessel is in port, merely to save expenses, or to increase the profits of the voyage, the sailors are justly entitled to share in the benefits of their own labor, by being paid extra wages for such extra work. The Lakme (D. C.) 93 Fed. 230. I award to each of the libelants, except P. B. Gill, who did not work on Sunday, for their Sunday work at St. Michael, the sum of $3 and costs.